FEDERATION SAV. & L. CO. v. SCHMITT et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Locher, Green & Woods, Cleveland, for Savings & L. Co.

John J. Mahon, Cleveland, for Schmitt et.

787. MORTGAGES—106. Assignments—126. Banks and Banking.

1. Order, by mortgagor, on mortgagee, to materialman, for part of construction loan fund, not such assignment of fund that suit may be predicated thereon.

2. Retention of such order by loan company until sufficient work was done to warrant pay-

(Continued on Page 422)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

### June 28, 1928

21255—State ex Silsby et. v. White, Judge, etc.; In Mandamus. Geo. C. Dissette, Cleveland for plaintiff.

21256—Larick Chevrolet Co. v. Newman; motion for Cuyahoga Appeals to certify. Alvord L. Bishop, Cleveland for plaintiff; A. Kollin, Cleveland, for defendant.

21257—Stober et v. Stambaugh et.; motion for Hardin Appeals to certify. Stickle & Cessna, Kenton, and T. R. Hamilton, Lima, for plaintiff; Knepper & Wilcox, Columbus, and Stillings & Johnson, Kenton, for defendants.

21258—Hite v. Hite et.; motion for Clinton Appeals to certify. Jos. W. Sharts, Dayton, for plaintiff; I. R. Jordan and Hayes & Barnes, Wilmington, for defendant.

21259—Morrison v. Northern Ohio Traction & Light Co.; motion for Summit Appeals to certify. Jonathan Taylor, Akron, for plaintiff; Mather, Nesbitt & Wilke, Akron, for defendant.

### June 29, 1928

21260—Colliers Shoe Co. et v. Doherety et.; motion for Hamilton Appeals to certify. Larbach & Garber, Cincinnati, for plaintiff; Simeon M. Johnson, Cincinnati, for defendant.

21261—Dayton (City) v. Jacobs; motion for Montgomery Appeals to certify. Jno. B. Harshman and W. V. Snyder for plaintiff; Albert D. Dwyer, E. J. Mattern, Dayton, for defendant.

21262—D. T. & I. R. R. Co. v. Blaum; motion for Pike Appeals to certify. Wallace Visscher and Luther B. Yaple, Chillicothe, for plaintiff; E. W. Rittenour, Waverly, for defendant.

### July 2, 1928

21263—Lawrence, Admrx. etc. v. Cleve. Elec. Illum. Co.; motion for Cuyahoga Appeals to certify. Scharefer & Lawrence, Cleveland, for plaintiff; Squire Sanders & Dempsey, Cleveland, for defendant.

21264—Jenkins et v. Diehl, etc., d. b. a. Onsel Bros.; motion for Sandusky Appeals to certify. W. J. Mead, Fremont, and McIntosh & Garrahan, Pittsburgh, Pa., for plaintiff.

21265—B. & O. R. R. Co. v. Kasky; motion for Lorain Appeals to certify. H. C. Johnson, for plaintiff; Fauver & Fauver, and Deutsch & Dilgren, Elyria, for defendant.

21266—State ex Both v. Robison, Probate Judge; In Prohibition. Jonathan Taylor, Akron, for plaintiff.

21267—Durst et v. State ex Watmongh et; motion for Trumbull Appeals to certify. Warren Thomas, Warren, for plaintiff; Pierson & Hecklinger for defendant.

21268—In re petition of Howlands et for inquiry into abuses and improper, unethical and illegal practices. Paul Howland, R. B. Newcomb and John T. Scott, for the Cleveland Bar.

### July 5, 1928

21268—Hart et v. Hart, Admrx. etc.; motion for Cuyahoga Appeals to certify. Hart, Curry, Sklenicka & Murray, Cleveland, for plaintiffs; Cull, Burton & Laughlin, Cleveland, for defendant.

### July 6, 1928

21269—McKee v. Liming; motion for Brown Appeals to certify. Young & Brown, for plaintiff; Bagley & Bagley, Georgetown, for defendant.

21270—Miller v. Du Laurence et; motion for Cuyahoga Appeals to certify. Tobias Miller, Cleveland, for plaintiff; Henry Du Laurence and Lillian M. Westropp, Cleveland, for defendant.

21271—Olmsted v. Schrembs, Bishop of Cleveland; motion for Cuyahoga Appeals to certify. Stearns, Chamberlain & Royon, Cleveland, for plaintiff; Mooney, Hahn, Loeser & Keough, Cleveland, for defendant.

21272—N. Y. C. & St. L. Rd. Co. v. Kovatch; motion for Cuyahoga Appeals to certify. Tolles, Hogsett & Ginn, Cleveland, for plaintiff; H. F. Pattie, Cleveland, for defendant.

21273—Kek v. Cuyahoga Material Co. et.; motion for Cuyahoga Appeals to certify. F. T. Cullitan, Cleveland, for plaintiff; F. E. Bruml and Sawyer, Cummings, Meek, Strong & Douglas, Cleveland, for defendants.

### July 9, 1928

21274—Mangen et v. United Banking & Tr. Co.; motion for Cuyahoga Appeals to certify. Krieg, Larman & Stendel, Cleveland, for plaintiff; Spring & Sayre, Cleveland, for defendant.

(Continued from Page 410)

1165. TENANTS IN COMMON.
See 45 Adverse Possession. Watters et v. Tucker et. OA. 6 Abs. 411.

1182. TRADE ACCEPTANCES.
Solomon v. Wakem. OA. 6 Abs. 419.

1204. UNDUE INFLUENCE.
Finney et v. Morehouse et. OA. 6 Abs. 419.

1229. VENDOR & PURCHASER.
Elliott et v. Garringer. OA. 6 Abs. 419.

1265. WEIGHT OF EVIDENCE.
Finney et v. Morehouse et. OA. 6 Abs. 419.

(Continued from Page 420)

ment, not such acceptance of order as to make loan company liable.

**27. ACTIONS.**

1. Cause of action may not be split by assigning part to one person and part to another.

2. Assignment, to materialman, of part of construction loan fund, does not create contractual relation between materialman and loan company.

**287. CONSIDERATION.**

Furnishing lumber to be used in construction of house was consideration for order on construction loan fund.

**755. MECHANICS' LIENS.**

Taking of mechanics' lien, not discharge of original obligation.

**362. DEBTOR AND CREDITOR.**

Order to materialman, on construction loan fund, in absence of acceptance of order by loan company, does not create relation of debtor and creditor, on which materialman could sue loan company.

VICKERY, J.

1. Where mortgagor was given credit on books of savings and loan company for amount of mortgage, amount of which was to be paid out only when work was done on dwelling house being erected, order of mortgagor in favor of materialman drawn on loan company for part only of fund to credit of mortgagors was not such assignment of fund that suit against loan company could be predicated thereon.

2. A cause of action must be assigned as a whole, it not being permitted to split it up by assigning part to one person and part to another.

3. Where building and loan company made loan on dwelling house to be constructed and after delivery of mortgage to it, mortgagors were given credit on company's books for amount of mortgage and thereafter mortgagors, during progress of work on dwelling house, gave order on company to materialman for amount less than fund credited to them, materialman could not maintain action thereon against loan company, the order being an assignment of but part of the fund, nor was there contractual relation between materialman and loan company.

4. Where loan company credited to mortgagors amount of fund to be used in construction of a dwelling house, furnishing of lumber to be used in construction of house was consideration for order on the fund so credited by mortgagor to materialman.

5. The taking of a mechanics' lien by materialman furnishing lumber for a dwelling house is an added security only and is not a discharge of the obligation.

6. Where loan company gave credit on its books to mortgagor for amount of mortgage to be paid out as dwelling house was constructed and mortgagor drew order on fund credited on loan company's books in favor of materialman furnishing lumber for the house, in absence of acceptance of order by loan company no relation of debtor and creditor existed on which lumberman could predicate suit against the loan company.

7. Where loan company placed to credit of mortgagor a fund to be used in constructing a dwelling house and mortgagor drew order in favor of materialman thereon, loan company's retention of order after presentation to it until sufficient work was done on dwelling house

to warrant its payment held not such acceptance of order as to make it liable thereon. (Sullivan, P. J. and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.